**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DESBELE GEBRE TEWELDE,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-1464-PRW |

**ORDER**

Before this Court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1), challenging his ongoing detention by U.S. Immigration and Customs Enforcement ("ICE") as unlawful and unconstitutional, and Petitioner's Motion for a Temporary Restraining Order (Dkt. 7) requiring respondents to provide him with an individualized bond hearing within seven days. This case is one of many habeas petitions filed by an alien detainee challenging the legal basis for their detention. Petitioner asserts that he is entitled to an individualized bond hearing, rather than 8 U.S.C. § 1225(b)(2)(A), which mandates detention. The Tenth Circuit recently limited § 1225(b)(2)(A)'s reach to aliens detained at the border,[1] and Respondents have not filed a response. Because the Petition alleges—and the government has not disputed—that ICE arrested Petitioner within the interior United States, *Quiroz* mandates that he is detained pursuant to § 1226(a).

[1] *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 (10th Cir. June 30, 2026).

Accordingly, the Court **GRANTS** the Petition (Dkt. 1) **IN PART**, and **DENIES AS MOOT** Petitioner's Motion for a Temporary Restraining Order (Dkt. 7). The Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within seven days of this Order or otherwise release Petitioner if he has not received a bond hearing within that period.[2] The Court directs the Clerk of Court to send the petition and this order to the United States Attorney for the Western District of Oklahoma on Respondents' behalf at the following address: 210 W. Park Ave., Suite 400, Oklahoma City, Oklahoma 73102.

**IT IS SO ORDERED** this 3rd day of September 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

[2] If Respondents contend that this case is factually distinct from *Quiroz* such that *Quiroz* does not control, or if there has been a material change in Petitioner's status (for example, if Petitioner has agreed to voluntarily depart) they may file a motion for reconsideration within seven days of this Order.