**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DESBELE GEBRE TEWELDE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1464-PRW |
| | ) | |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Respondents' Motion for Reconsideration and Additional Time (Dkt. 12). On September 3, 2026, this Court ordered Respondents to provide Petitioner with an individualized bond hearing within seven days or otherwise release Petitioner if he does not receive a bond hearing within that period.[1] The Court's Order provided, however, that Respondents could file a motion for reconsideration within seven days if they contend that this case is factually distinct from *Quiroz* such that *Quiroz* does not control.[2] In their Motion, Respondents submit that *Quiroz* does not control this case because Petitioner is detained under 8 U.S.C. § 1225(b)(1).[3] Respondents also request an additional seven days to file a supplemental motion for reconsideration providing a more detailed explanation as to why Respondents believe this case is factually distinct from *Quiroz*. Accordingly, the

[1] Order (Dkt. 10).

[2] *Id.* at n.2.

[3] Motion for Recons. (Dkt. 12), at 1 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 n.6 (10th Cir. 2026) ("Some noncitizens who are arrested in the interior may be subject to § 1225(b)(1)(A). There is no argument here that § 1225(b)(1)(A) applies to Santillan Quiroz.")).

Court construes Respondents' Motion as a motion for an extension of time to file a motion for reconsideration. Upon review, and for good cause shown, the Court **GRANTS** the Motion (Dkt. 12) **IN PART**. Respondents may file a motion for reconsideration explaining why *Quiroz* does not control in this case on or before September 17, 2026.

**IT IS SO ORDERED** this 16th day of September 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE